EUGENE E. DEYETTE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Deyette v. Commissioner
Docket No. 8624-75.
United States Tax Court
T.C. Memo 1977-335; 1977 Tax Ct. Memo LEXIS 102; 36 T.C.M. (CCH) 1343; T.C.M. (RIA) 770335; September 27, 1977, Filed Marvin H. Schein, for the petitioner. Wayne G. Chew, for the respondent. HALL MEMORANDUM OPINION HALL, Judge: Respondent determined a deficiency in petitioner's 1972 Federal income tax in the amount of $2,950.85 together with an addition to tax, pursuant to section 6651(a), [1] in the amount of $590.17. The issues for decision *103 are: 1. Whether petitioner is entitled to a deduction under section 215 for certain cash payments made by him to his wife pursuant to a recommendation of a Maryland Domestic Relations Master. 2. Whether petitioner is liable for additions to tax under section 6651(a) for failure to timely file a return for 1972. All the facts have been stipulated and are found accordingly. [2]
Petitioner lived in Bel Air, Maryland, when he filed his petition. Petitioner and Jane Deyette were married but voluntarily living apart during the entire year 1972. On October 27, 1971, petitioner's wife filed a complaint for divorce in the Circuit Court of Montgomery County, Maryland, wherein, among other things, she requested alimony pendente lite. In response to that filing, a Rule to Show Cause Order was issued by the court to provide petitioner an opportunity to be heard on the tentative findings of the court. On December 6, 1971, petitioner filed an answer to the Rule *104 to Show Cause Order, wherein petitioner stated that he voluntarily agreed to pay $100 a week to his wife and therefore there was no need for a court order regarding the issue of alimony pendente lite. The issue of alimony pendente lite was referred by the court to a Domestic Relations Master, who was empowered to hear testimony and argument, and to make a recommendation to the court. On January 4, 1972, the Domestic Relations Master recommended to the court that petitioner be ordered to pay his wife $625 a month alimony pendente lite. Petitioner took exception to the Domestic Relations Master's recommendation by filing a formal objection with the court. No court order or decree was ever issued by the court on the matter of alimony pendente lite and the court did not act on any part of the Domestic Relations Master's recommendation. Petitioner was never under any enforceable obligation to pay a set amount of alimony pendente lite to his wife. Nonetheless, petitioner voluntarily paid his wife $7,518 during 1972 and deducted that amount as alimony on his 1972 tax return. Respondent disallowed the deduction. Section 71 provides that gross income of the wife includes payments *105 received as alimony (including alimony pendente lite) where the payments are made pursuant to: (1) a decree of divorce or separate maintenance or a written instrument incident to a divorce or separate maintenance status; (2) a written separation agreement; and (3) any type of decree requiring payment for support or maintenance. If the payments are includible in the wife's gross income under any of the above, then section 215 provides that the payments are deductible by her husband. Since petitioner was not divorced or separated from his wife under a decree of divorce or separate maintenance during 1972, (1) above does not apply. Since there was no written separation agreement, (2) does not apply. Since there was no decree requiring payment of alimony, support or maintenance, (3) does not apply. The recommendation of the Domestic Relations Master is not a decree or order; (Rule 580, Maryland Rules of Procedure (1957); Rule S 74, Sub-Title S, Divorce Annulment and Alimony;) the court has the sole authority and power to make such an order. The court never did so. Petitioner's payments to his wife were voluntary, not made under an enforceable legal obligation. Therefore, the *106 payments are not deductible by petitioner under section 215. Petitioner filed his 1972 return with the District Director, Baltimore, Maryland, on August 15, 1973, pursuant to an Application for Extension of Time to File to August 15, 1973. The Application for Extension of Time to File was approved by respondent. Nevertheless, respondent in the statutory notice of deficiency asserted an addition to tax for $590.17 pursuant to section 6651(a) (failure to file a return on or before the prescribed date, determined by including any approved extension of time). There is no evidence of record to sustain the respondent's addition to tax. The evidence is to the contrary. Therefore petitioner is not liable for the addition to tax. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩
2. Mr. Deyette did not appear, apparently because there was an outstanding bench warrant for his arrest because he had allegedly failed to pay alimony awarded under a divorce decree issued after the year in issue.↩